[Crim. No. 1715.  In Bank.—March 16, 1912.]

### Ex Parte J. B. GALIVAN, on Habeas Corpus.

RAILROADS—OPERATION OF TRAIN HAVING THREE PASSENGER CARS AND BAGGAGE CAR—ONLY ONE BRAKEMAN REQUIRED.—It is not a violation of section 1 of the act of February 20, 1911 (Stats. 1911, p. 65), prescribing the number of persons to be employed in the operation of certain kinds of railroad trains, to operate a train of three cars carrying passengers with only one brakeman, although a baggage car may also be attached thereto.

ID.—CONSTRUCTION OF STATUTE.—The words of such statute are to be construed in their usual, ordinary, and popular sense, unless the context shows that they are used in a technical or arbitrary sense.

ID.—CONSTRUCTION ACCORDING TO RULE OF PENAL CODE.—Although the statute is not a part of the Penal Code, its provisions should be construed in accordance with the rule established by that code for its construction, that is, according to the fair import of its terms, with a view to effect its objects and to promote justice.

ID.—MEANING OF PHRASE "PASSENGER COACHES OR CARS."—In the last proviso of that section reading as follows: "on any such train where four passenger coaches or cars exclusive of railroad officers' private cars, or more than four passenger coaches or cars are hauled, two brakemen instead of one shall be employed," the word "passenger" qualifies both the word "coaches" and the word "cars," and the expression "passenger coaches or cars" means all ordinary railroad carriages used for the transportation of passengers.

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of San Bernardino County.

The facts are stated in the opinion of the court.

E. W. Camp, U. T. Clotfelter, and M. H. Reed, for Petitioner.

R. B. Goodcell, for Respondent.

SHAW, J.—The petitioner asks to be discharged from cus-tody on the ground that the complaint upon which he was arrested does not charge a public offense.

The complaint attempts to state a violation of section 1 of the act of February 20, 1911, prescribing the number of persons to be employed in the operation of certain kinds of railroad trains. (Stats. 1911, p. 65.) The section is as fol-lows:—

"Sec. 1. It shall be unlawful for any common carrier by railroad in the state of California operating more than four trains each way per day of twenty-four hours on any main track or branch line of railroad within this state to run, or permit to be run, any passenger, mail or express train pro-pelled or drawn by steam locomotive that has not at least the following named employees thereon: One engineer, one fireman, one conductor, one brakeman, one baggageman; *pro-vided,* that on any such train upon which baggage is not hauled a baggageman need not be employed; *provided, further,* that on any such train where four passenger coaches or cars ex-clusive of railroad officers' private cars, or more than four passenger coaches or cars are hauled, two brakemen instead of one shall be employed."

The Atchison, Topeka & Santa Fe Company operates a railroad between the cities of San Bernardino and Los An-geles and runs more than four trains a day each way thereon. The charge against Galivan is that he was the trainmaster of said company and that, as such, he did, on August 2, 1911, willfully and unlawfully aid and abet said company in run-ning over said railroad a passenger train drawn by a steam locomotive, which train was composed of one locomotive, one baggage car, and three passenger coaches, and had only one brakeman employed thereon.

The theory upon which this charge was made is that this section of the statute makes it a misdemeanor for a common carrier of the class there described to run a passenger train of four cars without two brakemen, although only three of such cars are passenger coaches or passenger cars and the other is a baggage car, mail car, or express car. It is claimed that in the clause of the last proviso reading as follows: "where four passenger coaches or cars exclusive of railroad officers' pri-vate cars, or more than four passenger coaches or cars are

hauled," the word "passenger" qualifies the word "coaches," but does not qualify the word "cars"; that the word "car" was added to designate any vehicle attached to the train not embraced in the term "passenger coach."

We cannot agree with this proposition. The words of a statute are to be taken in their usual, ordinary, and popular sense, unless the context shows that they are used in a technical or arbitrary sense. (*People* v. *Eddy*, 43 Cal. 337, [13 Am. Rep. 143].) The provisions of the Penal Code are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice. (Pen. Code, sec. 4.) This act is not a part of the Penal Code, but it may be admitted that it is governed by the same rule. According to the usual rules of grammatical construction, and in the ordinary use of the language, the two words coaches and cars, in the clause quoted, would be understood to designate and include all ordinary railroad carriages used for the transportation of passengers. The argument that this construction would have the bad effect of sanctioning the running of a train having one brakeman, with three passenger cars, and a large number of baggage, mail, and express cars attached, has little force. Such trains are seldom used. The law, itself, permits the far more frequent occurrence of a train with eight or more cars carrying passengers and several baggage, mail, or express cars, with only two brakemen, in which case the danger to human life, and the number exposed thereto, would be much greater. A passenger train with only three cars carrying passengers is not often accompanied by many baggage, mail, or express cars; usually with but one or two. It is to be presumed that the legislature had in mind the usual and ordinary mode of operation and not infrequent and occasional instances. The title of the act declares that its purpose was to promote the safety of employees and travelers upon railroads. The subsequent sections, 2 and 3, relate to trains other than passenger trains. They are evidently directed especially to the safety of the employees. Section 1 relates only to passenger, mail, and express trains and its main object would seem to be to promote the safety of travelers. Whether the word "cars" has a broader signification than the word "coach" or not, the plain meaning of the passage quoted would confine it to cars carrying passengers, ex-

cepting officers' private cars. We see nothing in the context of the statute, or in its purpose and object, that requires the clause to be given an extraordinary, unusual or technical meaning. It permits a train of three cars carrying passengers to be operated with only one brakeman, although a baggage car may also be attached thereto. The facts charged against the petitioner do not constitute a public offense within the statute.

Let the petitioner be discharged.

Angellotti, J., Sloss, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.