## Kentucky State Board of Dental Examiners v. Crowell.

(Decided November 16, 1926.)

### Appeal from Mason Circuit Court.

1. **Physicians and Surgeons.**—State board of dental examiners held unauthorized, under Ky. Stats., section 2636-6, to revoke dentist's license because he was convicted of misdemeanor of possessing liquor; such conviction not being unprofessional conduct, disqualifying him "to practice with safety to the people."
2. **Physicians and Surgeons.**—Where board, such as state board of dental examiners, is granted power to revoke license for certain named reasons set out in statutes, revocation cannot be made for any cause not clearly within provisions of statute or necessarily included therein by implication.
3. **Physicians and Surgeons.**—Provision for revocation of dentist's license in Kentucky Statutes, section 2636-6, subsection 2, for "grossly unprofessional conduct, likely to deceive or defraud the public," held to refer to advertising.
4. **Physicians and Surgeons.**—Misdemeanor, involving moral turpitude, is not ground for revoking dentist's license, in view of Kentucky Statutes, section 2636-6, subsection 2.
5. **Constitutional Law.**—Certificate and right to practice dentistry is estate or right of which holder may not be deprived without due process of law.

FRANK E. DAUGHERTY, Attorney General, and WORTHINGTON, BROWNING & REED for appellant.

WILLIAM F. CLARK for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Crowell, by this litigation seeks a mandatory order directing the appellant, State Board of Dental

Examiners, to issue to him a renewal license certificate as a practicing dentist, to practice the profession of dentistry in this commonwealth, in lieu of one revoked by the board, as he says, arbitrarily, shortly before the institution of this action. The lower court granted the prayer of his petition and the State Board of Dental Examiners prosecutes this appeal.

On August 9, 1924, an affidavit was filed with the board upon which was based the charges later issued by the board calling upon Dr. W. C. Crowell to appear before the board at the Seelbach Hotel, in Louisville, on a named day to answer the charges. The affidavit sets forth "that the said Crowell, while holding a license to practice in the state of Kentucky was convicted of a crime in the United States district court, eastern district, Covington, involving moral turpitude, which disqualified him from practicing with safety to the people." The charges issued by the board upon the affidavit read as follows:

"Dr. C. W. Crowell,
2034 Crown Ave.,
Norwood, Ohio.

"Dear Sir:

"You are hereby notified that charges have been preferred against you, before the Kentucky State Board of Dental Examiners, charging you with having, while holding a license to practice dentistry in this state, violated section 6 of the act regulating dentistry in Kentucky, which disqualified you to practice dentistry with safety to the people.

"You are therefore notified to appear before the Kentucky State Board of Dental Examiners on the 9th day of August, 1924, at the Seelbach Hotel, Louisville, Ky., at 10 o'clock a. m., for a hearing of said charges, and show cause why your license shall not be suspended or revoked for causes named in said charges.

"You are given this notice to prepare for the hearing, and you may appear either in person, by counsel or both as you may desire.

"Kentucky State Board of Dental Examiners,
By W. F. Walz, Pres.,
J. H. Baldwin, Secy."

It is alleged in the petition that appellee, Crowell, appeared before the board in person but that the hearing was postponed to a later date, and on September 6, 1924, appellee was notified that his license to practice dentistry had been revoked by the board.   The revocation of licenses to practice dentistry is regulated by section 2636-3, Kentucky Statutes, which is a part of the chapter on dentistry under the head of "Medicine and Surgery." This statute permits the State Board of Dental Examiners to revoke the license of a practicing dentist "for any of the following causes." Subsec. 1 of 2636-6, Kentucky Statutes, provides that the license may be revoked if the applicant presents "to the board any diploma, license or certificate, illegally or fraudulently obtained or one obtained from an institution which is not reputable, or an unrecognized or irregular institution or state board, or the practice of any fraud or deception." The 2nd subsection of the section to which we have called attention provides for the revocation of a license of a practicing dentist if he be guilty of the commission of a criminal operation or conviction of a felony involving moral turpitude, or chronic or persistent inebriety or addiction to drugs, or if the person holding such license shall advertise to practice dentistry without causing pain, or shall in any other manner advertise with a view of deceiving or defrauding the public, or advertise to use any drug, nostrum, patent or other proprietary drug or medicine of any unknown formula, or be guilty of any grossly unprofessional conduct likely to deceive or defraud the public, or which disqualifies the applicant to practice with safety to the people." Clearly appellee, Crowell, is not guilty under any of the foregoing provisions of the statutes, for he is not charged with the commission of a criminal operation, nor is he charged with having been convicted of a felony involving moral turpitude.   There is no mention in the charge of his being a chronic or persistent inebriate or addicted to drugs.   Neither was he accused by the board of advertising to practice dentistry without causing pain or of issuing any other kind of advertising or doing any of the things denounced by the statute to which we have called attention.   The statute further provides, however, that a license may be revoked if the person holding the license be "guilty of any grossly unprofessional conduct likely to deceive or defraud the public," but there is no contention in this case that Dr.

Crowell was guilty of any unprofessional conduct likely to deceive or defraud the public, and his license was not revoked because of anything done by him which could be properly classified under deceit or fraud of the public.

The next clause of the statute provides that a license of any person who has been guilty of any grossly unprofessional conduct which disqualifies the holder of the license "to practice with safety to the people" may be revoked.

The charge upon which the license of Dr. Crowell was revoked is that he was convicted in the federal court at Covington of a charge of unlawfully possessing intoxicating liquors, a misdemeanor. To possess liquors unlawfully does not necessarily disqualify one to practice dentistry with safety to the people, and there is no charge that Dr. Crowell imbibed the liquor or became intoxicated and was on that account disqualified to practice dentistry with safety to the people. The rules of construction of statutes require that where a board or officer is granted the right or power to revoke a license for certain named reasons, causes or crimes, set out in the statutes, a license may not be revoked for any other or different cause or causes not clearly within the provisions of the statutes, or necessarily by implication included therein. Appellant board by counsel seem to insist that the conduct of Dr. Crowell in having intoxicating liquors in possession unlawfully was so grossly unprofessional as to require the revocation of his license to practice dentistry, but the statute does not so provide. Grossly unprofessional conduct alone, on the part of the dentist, does not warrant the board in revoking the license of a practicing dentist, but the dentist must be guilty of such grossly unprofessional conduct as "is likely to deceive or defraud the public." All of which seems to appertain to advertising in such way as to mislead or deceive the public to their hurt. In the case of Matthews v. Murphy, 23 Ky. Law Rep. 750, it was held that a license of a physician could not be revoked for "unprofessional conduct" for the reason that the expression "unprofessional conduct" is too broad and general and does not afford a standard by which a practicing physician might know what the board would hold to be unprofessional conduct, and the accused physician could not know at the time the act was done what standard would be thereafter erected by the board by which its effect was to be determined. As the statute does not advise him beforehand as

to what "unprofessional conduct" is he could not knowingly or intentionally be guilty of it. Here, however, the statute does in a measure define "grossly unprofessional conduct" for which the board may revoke a license as that kind of professional conduct "likely to deceive or defraud the public," and as these words are employed in connection with advertising by a dentist we think we may assume that the legislature intended to allow the state board to revoke the license of a dentist for grossly unprofessional conduct in putting out or causing to be put out advertising cards, bills or printed matter which is likely to "deceive or defraud the public."

The record in this case clearly shows that the license of appellee, Crowell, was revoked solely upon the ground that he had been convicted in the federal court at Covington on his own plea of guilt of the offense of having intoxicating liquor in possession in violation of law, and fined fifty ($50.00) dollars. This was not a felony but merely a misdemeanor. It did not involve moral turpitude as that expression is used in the statutes, for the moral turpitude authorizing the revocation of a license to practice dentistry must arise as a result of a conviction of a felony, for the statute says that the license of a dentist may be revoked upon his conviction of a felony involving moral turpitude and not for the conviction of a misdemeanor even though it may involve moral turpitude. The powers of a board to revoke the license of a dentist originated under and by the statute to which we have called attention and must be confined to the causes and grounds therein mentioned. Therefore, the attempted revocation of the license of appellee Crowell upon the ground stated by the board was without effect and was unlawful. In the Matthews-Murphy case, supra, it was held that the certificate and right to practice a profession, such as medicine or dentistry, is an estate or right of which the holder of the certificate may not be deprived without due process of law. The opinion in the case of Forman v. State Board of Health, 157 Ky. 123, does not lay down a contrary rule. The chancellor held that the State Board of Dental Examiners acted without and beyond its powers in attempting to revoke the license of Dr. W. C. Crowell, and directed the board to reissue to him a certificate authorizing him to practice when he had complied with the requirements of the statute. In this we find no error.

Judgment affirmed.