[Civ. No. 7319. First Appellate District, Division One.—November 8, 1930.]

FRED T. BARRON et al., Respondents, v. THE BOARD OF DENTAL EXAMINERS OF CALIFORNIA, Appellant.

Jesse W. Carter for Appellant.

Fred B. Mellmann for Respondents.

THE COURT.—An appeal from a judgment annulling certain orders of the Board of Dental Examiners of the State of California. Respondents are regularly licensed and practicing dentists. On May 16, 1929, verified accusations were filed with the board charging respondents with unprofessional conduct. The accusations were identical in form, the material portion of that filed against respondent Barron being as follows: "Pursuant to the provisions of the law of the State of California, I do hereby charge Fred T. Barron, who is and was, at all the times herein mentioned, a regularly licensed and practicing dentist in the State of California, with unprofessional conduct as the same is defined in said law aforesaid, specifying as the basis of such charge the following facts: That the said Fred T. Barron on or about the ninth day of May, 1929, at the city of Oakland, county of Alameda, State of California, did employ certain persons as cappers and steerers to obtain business for him in the following manner, to wit: That at the time and place aforesaid said Fred T. Barron did employ radio broadcasting station KLX, operated by the Oakland Tribune, a corporation, to obtain business for him by means of the following announcements over said radio broadcasting station, to wit: 'You are now to be entertained with a program sponsored by Doctors Barron and Wilkinson, those gentle dentists. Their office is at Seventeenth and Broadway, opposite the Oakland post office. The entrance is No. 455 Seventeenth street. Doctors Barron and Wilkinson are specialists of the highest degree in the dental profession. Dr. Barron is a plate specialist and guarantees a perfect fit. He does all the work himself. You will be agreeably surprised at their prices.

These gentle dentists are celebrating their first anniversary, having opened their office on May 8th, a year ago. They now have 1400 satisfied patients. Their telephone number is Oakland 1819. Telephone for an appointment. Open evenings until eight.' That said announcements were regularly broadcasted over said radio station and were heard by the general public; that said Fred T. Barron paid said radio broadcasting station a consideration for making said announcements and each of them, and it was thereby intended by said Fred T. Barron that business should be obtained by him as a result of said announcements from those who heard the same. That all of said acts above set forth are contrary to the law of the State of California.''

Respondents, after demurring to the accusations, entered pleas of not guilty, and upon a hearing their licenses to practice were suspended by the board for a period of ninety days. On October 16, 1929, on petition of respondents, a writ of review issued out of the Superior Court of Alameda County directed to the board, which, pursuant thereto, certified its record to said court. After a hearing the court adjudged that the facts alleged in the accusations were insufficient to constitute a violation of an act entitled ''An act to insure the better education of dental surgeons and to regulate the practice of dentistry in the State of California'', etc. (Stats. 1915, p. 698, and amendments thereto), or any other law of the state, and by its judgment annulled the orders of suspension.

It is urged by appellants that the acts complained of constituted the employment of persons as cappers or steerers within the meaning of section 13 of the act 'which provides that ''any dentist may have his license revoked or suspended by the Board of Dental Examiners for any of the following causes: . . . 3. For unprofessional conduct or for gross ignorance or inefficiency in his profession. . . . Unprofessional conduct is hereby defined to be the employment of persons known as cappers or steerers to obtain business. . . . '' It is not contended that any of the statements contained in the announcements were untrue, and we may say at the outset that other than the provisions of the above subdivision of the section by which advertising under any false, assumed, or fictitious name, or in any name other than the name under which he was licensed, was denominated

unprofessional conduct, no law of the state prohibited advertising by a licensed dentist. A capper has been defined as a decoy or lure for the purpose of swindling (Standard Dictionary; Century Dictionary). A steerer has been held to be one who gains the confidence of the person intended to be fleeced (*People* v. *Simmons,* 125 App. Div. 234 [109 N. Y. Supp. 190]) and who may be said to steer or lead the victim to the place where the latter is to be robbed or swindled. ▇ It is the rule that the words of a statute unless they have a technical meaning are to be interpreted according to their common acceptation and will be read and understood in their natural, ordinary, and popular sense (*Ex parte Galivan,* 162 Cal. 331 [Ann. Cas. 1913E, 1349, 122 Pac. 961]; *Corbett* v. *State Board of Control,* 188 Cal. 289 [204 Pac. 823]). Whatever abuse the legislature intended to correct by the above provisions of the act, it is clear that truthful advertising, whether by newspaper or radio, cannot by any reasonable construction of the statute be brought within its inhibitory provisions. ▇ And it is well settled that where a board is granted the power to revoke a license for certain reasons set forth in the statute, it may not be revoked for any other or different causes not clearly within the provisions of law or by implication included therein (*Kentucky State Board, etc.,* v. *Crowell,* 220 Ky. 1 [294 S. W. 818]; 48 Cor. Jur., Physicians and Surgeons, sec. 65, pp. 1097, 1098). ▇ While it is ordinarily sufficient to charge in the words of the statute (*Suckow* v. *Alderson,* 182 Cal. 347 [187 Pac. 965]), here facts were pleaded which showed affirmatively that respondents' actions were not in violation of the statute and the sufficiency of the accusations was properly tested by *certiorari.* (*Dyment* v. *Board of Medical Examiners,* 57 Cal. App. 260, 266 [207 Pac. 409].)

No error is disclosed by the record, and the judgment is accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 8, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 5, 1931.