GOLDSTEIN, J.
 

 The defendant has appealed from a judgment of conviction of violation of section 515 Vehicle Code after trial by the court without a jury. The evidence was not transcribed and the case comes to this court on a settled statement of facts.
 

 On June 12, 1959, Vernon Hulsey, the arresting officer, observed the defendant traveling north on United States Highway 99 near Selma, California. The arresting officer kept the defendant under observation for a distance of approximately 3 miles during which time he traveled at a speed of approximately 55 miles per hour according to the officer.
 

 
 *Supp. 907
 
 At the time of his arrest, the defendant was operating a two-axle truck tractor to which a second partially dismantled truck tractor was attached. The front wheels of the rear truck tractor had been removed, the front axle then placed upon the rear of the bed of the front truck, with the rear wheels of the second truck supporting the rear thereof. A diagram of the arrangement of the two vehicles is as follows:
 

 A. Front truck tractor. B. Bear truck tractor.
 

 The issue of fact as to speed was clearly one to be determined by the court on disputed evidence. It has been determined adversely to the defendant. The sole remaining question, therefore, is whether the two vehicles were being transported in violation of section 515, California Vehicle Code.
 

 The pertinent portion of section 515, California Vehicle Code, reads as follows: “Speed of Motor Truck or Truck Tractor. Any motor truck or
 
 truck tractor
 
 having three or more axles or any motor truck or
 
 truck tractor with any
 
 trailer or
 
 semitrailer,
 
 or any combination thereof, shall not be driven on any highway at a speed in excess of 45 miles per hour.” (Emphasis added.)
 

 A “semitrailer” is defined by section 37, California Vehicle Code as follows: “ ‘Semitrailer.’ A ‘semitrailer’ is a
 
 vehicle designed
 
 for
 
 carrying
 
 persons or
 
 property
 
 and having
 
 one
 
 or
 
 more axles
 
 and
 
 one
 
 or
 
 more wheels,
 
 used in conjunction with a motor vehicle and
 
 so constructed
 
 that
 
 some part of its weight
 
 and that of its load
 
 rests upon, or is carried
 
 by,
 
 another vehicle.”
 
 (Emphasis added.)
 

 The crucial question to be determined on this appeal is whether the second truck tractor came within the definition of the word “semitrailer” employed in section 515, California Vehicle Code.
 

 It is the contention of the appellant that the statute, being a criminal statute, should be strictly construed; that the word “semitrailer” should, therefore, be given a narrow and re
 
 *Supp. 908
 
 strieted meaning; that the truck tractor transported in the manner above described was not a semitrailer as that word is defined by section 37, California Vehicle Code, and that, therefore, as a matter of law, no violation of the statute has been shown.
 

 The respondent, on the other hand, contends that the second vehicle came within the definition of a semitrailer as defined in section 37, California Vehicle Code; that the manner in which the two vehicles were attached together brought them within the provisions of section 515, California Vehicle Code; that the statute should be construed in the light of the evil sought to be cured rather than in a restricted sense; that it was the purpose of the Legislature to make unlawful the operation at a speed in excess of 45 miles per hour of two vehicles of the type here involved attached together in the manner shown on the above diagram. We believe that the respondent’s contention is sound and that, therefore, the conviction should be affirmed.
 

 While it is true that expressions can be found in some of the decisions reiterating the ancient rule of strict construction of penal statutes, nevertheless, it is equally true that in this state that rule has been modified by the provisions of section 4, Penal Code, which reads as follows:
 

 ‘ ‘ Construed According to Pair Import.—The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice.” Leg. H. 1872.
 

 While at first blush, it would appear that section 4 of the Penal Code is limited to its application to that particular code, the courts have not adopted this narrow view, but have held that the rule set forth in section 4 of the Penal Code extends to other criminal statutes.
 
 People
 
 v.
 
 Oviedo,
 
 106 Cal.App.2d 690 [235 P.2d 612] was a case arising under the Health and Safety Code. It was there argued by the defendant that the court should apply the rule of strict construction to its provisions, and that section 4 of the Penal Code should be limited in its application to that code alone. The court, however, held to the contrary, stating at page 693 :
 

 “The next argument is that since this section is a penal statute, under the common law, it must be strictly construed, citing
 
 United States
 
 v.
 
 Resnick,
 
 299 U.S. 207 [57 S.Ct. 126, 81 L.Ed. 127]. Defendant concedes that section 4 of the Penal Code abolished the common-law rule of strict construction of
 
 *Supp. 909
 
 penal statutes, but contends that the section only applies to the criminal statutes found in the Penal Code.
 
 The courts have rejected any such a distinction. (In re Mitchell,
 
 1 Cal. App. 396, 398 [82 P. 347];
 
 In re Galivan,
 
 162 Cal. 331 [122 P. 961].) ” (Emphasis added.)
 

 The basic rule of construction is set forth in 14 California Jurisprudence 2d 312 as follows:
 
 “A
 
 statute should be construed with reference to its purpose, and the evils to be cured thereby, except as this may be defeated by the language of the statute ...”
 

 In
 
 People
 
 v.
 
 Ortiz,
 
 86 Cal.App.2d Supp. 937 [195 P.2d 82], the court stated at page 940:“... ' it is fundamental that the objective sought to be achieved by a statute as well as the evil to be prevented is the prime consideration in its interpretation . . .’ ”
 

 In
 
 People
 
 v.
 
 Rabe,
 
 202 Cal. 409 [261 P. 303], the court stated that in construing a statute: “. . . effect should be given to each word and phrase if fairly and reasonably possible . . .” (P. 419.) In 23 California Jurisprudence 722, it is stated:
 

 “§ 104. Reasonable Construction.—‘Interpretation must be reasonable. ’ The code so provides. And it has been decided, not only that the language of a statute must be given a reasonable interpretation, but that every statute as a whole must be so construed, and thus, when opportunity arises, made compatible with common sense and the dictates of justice. In other words, it is the duty of courts not to be ingenious to find ambiguities in statutes because of extraneous matters, but to interpret them in such a manner that they may be free from ambiguity, and to give, if possible, a construction which not only renders them constitutional, but which is consistent with
 
 sound sense and wise policy, with a view to promoting justice
 
 ...” (Emphasis added.)
 

 In
 
 People
 
 v.
 
 King,
 
 115 Cal.App.2d Supp. 875, the court states at page 878 [252 P.2d 78] : “. . . Generally, some definite meaning must be given to words used to give them effect and the legislative intent is to be gathered from the whole act rather than from isolated words. Words will, when possible, be given a reasonable but not a strained construction and every statute should be construed with reference to its purpose and the objects intended to be accomplished by it and the evils to be cured ...”
 

 In
 
 People
 
 v.
 
 Stevens,
 
 32 Cal.App.2d 666, it is stated at
 
 *Supp. 910
 
 page 670 [90 P.2d 595] : “. . . Statutes should be construed, whenever reasonably possible, with a view to carrying out the intent and purpose which actuated their adoption and to secure the objective sought to be achieved by the legislation in question ...”
 

 In construing the two statutes here in question (Cal. Veh. Code, §§ 515, 37), it is the duty of the court to consider them together and to ascertain the problem with which the Legislature was primarily concerned in enacting these two statutes. Obviously, when two vehicles are attached together, as is here shown, and are traveling upon a highway, the danger and menace to other vehicles in the immediate vicinity is in direct proportion to the speed at which the former are being operated. By the same token, the ability to control vehicles of the type here involved, attached together in the manner herein indicated, in an emergency, is greatly affected by the speed at which they are traveling.
 

 Granted that the second truck tractor was not a conventional semitrailer, nevertheless, by reason of the manner in which it was being transported, it constituted a potential danger to other vehicles on the highway equal to, if not greater than, that of the conventional semitrailer. It was attached to the forward tractor in a manner which approximated that of conventional trailer, although in a more precarious position. In that position, it was a thing of danger to other traffic on the highway, if operated at a speed in excess of the 45-mile speed limit prescribed by section 515, California Vehicle Code.
 

 The underlying purpose of that section was aimed at the precise danger presented by the two vehicles in question when traveling at a speed in excess of the statutory limit.
 

 Moreover, it is not necessary to torture or strain the definition of a semitrailer contained in California Vehicle Code, section 37, to bring the second vehicle within the spirit as well as the letter of that statute because:
 

 (a) It was a vehicle;
 

 (b) Some part of its weight was carried by another vehicle;
 

 (c) It had at least one axle and at least two wheels;
 

 (d) It was designed for carrying property; the removal of its front wheels had converted it into a vehicle that could certainly have been used for that purpose under the conditions here presented; moreover, it could not have been operated in its then condition as a truck tractor.
 

 In so classifying the second vehicle, we adopt the view
 
 *Supp. 911
 
 that the statute should be reasonably construed with a view to carrying out the intent and purpose which actuated its adoption and to secure the objective which was sought to be achieved.
 

 The judgment of conviction is accordingly affirmed.
 

 Conley, P. J., and Popovich, J., concurred.