461 So.2d 142 (1984)
Reholga MACK, a/K/a Reholga Mack Woods, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 83-634, 83-1495.
District Court of Appeal of Florida, Third District.
November 27, 1984.
Rehearing Denied January 22, 1985.
*143 Joel Hirschhorn, Miami, for appellant.
Jim Smith, Atty. Gen. and Diane Leeds, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
These appeals arise from Reholga Mack's conviction for first degree murder, armed robbery and unlawful possession of a firearm by a convicted felon, all springing from the episode involving the muchpublicized shooting of off-duty police officer Cheryl Seiden. We affirm.
Mack raises several points on appeal as grounds for reversal: (1) prosecutorial misconduct; (2) improper exclusion of jurors expressing opposition to the death penalty; (3) failure to suppress oral and written admissions and statements; (4) improper evidentiary rulings; (5) electronic media coverage throughout the trial; and (6) imposition of three consecutive minimum mandatory sentences for three counts of armed robbery arising out of a single criminal transaction in violation of Palmer v. State, 438 So.2d 1 (Fla. 1983).
Aside from the error in sentencing, conceded by the state, we conclude that none of the grounds asserted by appellant warrant reversal. We find it necessary, however, to address Mack's argument concerning prosecutorial misconduct. Mack contends that numerous instances of prosecutorial misconduct tainted the trial, including improper expressions of personal belief or opinion, elicitation of testimony calculated to arouse the jurors' bias, passion or prejudice and improper efforts to indulage in appeals to the jury's sympathy. Mack asserts that many of these instances of prosecutorial misconduct, by themselves, constitute reversible error and that the cumulative impact of the prosecutor's conduct deprived him of his right to a fair trial, mandating reversal. Although we deplore and throughly disapprove of the conduct of the prosecutor in this case and find that it, indeed, constitutes error, we hold that reversal is not justified because the overwhelming evidence of guilt against Mack rendered the error harmless. See, e.g., State v. Murray, 443 So.2d 955 (Fla. 1984); Williams v. State, 425 So.2d 591 (Fla. 3d DCA 1982); Tacoronte v. State, 419 So.2d 789 (Fla. 3d DCA 1982); Zamot v. State, 375 So.2d 881 (Fla. 3d DCA 1979). We reiterate Judge Cross's admonition in Kirk v. State, 227 So.2d 40, 42-43 (Fla. 4th DCA 1969):
It is ... the duty of a prosecuting attorney in a trial to refrain from making improper remarks or committing acts which would or might tend to affect the fairness and impartiality to which the accused is entitled. Tribue v. State, Fla. App. 1958, 106 So.2d 630. The prosecuting attorney in a criminal case has an even greater responsibility than counsel for an individual client. For the purpose of the individual case he represents the great authority of the State of Florida. His duty is not to obtain convictions but *144 to seek justice, and he must exercise that responsibility with the circumspection and dignity the occasion calls for. His case must rest on evidence, not innuendo. If his case is a sound one, his evidence is enough. It [sic] it is not sound, he should not resort to innuendo to give it a false appearance of strength. Cases brought on behalf of the State of Florida should be conducted with a dignity worthy of the client.
See Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980).
As conceded by the state, the imposition of three consecutive minimum mandatory sentences for a single armed robbery was error. Palmer. The three consecutive minimum mandatory sentences are therefore reduced to one insofar as the armed robbery is concerned.
We find no merit in the state's cross-appeal.
Affirmed as modified.