PER CURIAM.
Anthony Gutierrez seeks reversal of convictions and sentences for second-degree murder and attempted second-degree murder.
We affirm the judgments of conviction and sentences in all respects. We find it necessary, however, to remind the trial court of its responsibility for controlling attorney misconduct. See Hill v. State, 515 So.2d 176 (Fla.1987) (cautioning that trial courts of this state must accept more responsibility for controlling prosecutorial misconduct), cert. denied sub nom., Hill v. Florida, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988). In closing argument, defense counsel stated to the jurors: “I think if you believe [the State’s witness], you have got to be on drugs_” Statements like these are highly improper and must be condemned. See Mack v. State, 461 So.2d 142 (Fla. 3d DCA 1984), rev. denied, 471 So.2d 43 (Fla.1985); Williams v. State, 425 So.2d 591 (Fla. 3d DCA 1982).
Although we thoroughly disapprove of the conduct of defense counsel in this case and find that it did indeed constitute error, reversal is not justified because the overwhelming evidence of guilt against Gutierrez and the curative instruction given rendered the error harmless. See, e.g., Zamot v. State, 375 So.2d 881 (Fla. 3d DCA 1979).
Affirmed.