641 So.2d 474 (1994)
Michael BUFFA, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1338.
District Court of Appeal of Florida, Third District.
August 17, 1994.
*475 Mel Black, for appellant.
Robert A. Butterworth, Atty. Gen., for appellee.
Before NESBITT, GERSTEN and GODERICH, JJ.
PER CURIAM.
Michael Buffa seeks reversal of the trial court's denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Buffa contends that the State, via its agent, the probation officer, see Thomas v. State, 593 So.2d 219, 220 (Fla. 1992), recommended a sentence higher than the one it promised to recommend pursuant to the parties' written plea agreement. We find that the record confirms that while under the written plea agreement, the State agreed "... to recommend 5 years (with 3 years mandatory for firearm) ...," in the presentence investigation report, the probation office nonetheless recommended a "maximum recommended prison term within State Guidelines of Seven (7) years, followed by 10 years of probation..."
As stated in Spencer v. State, 623 So.2d 1211, 1213 (Fla. 4th DCA 1993):
In choosing between specific performance and withdrawal of a plea to relieve a defendant from the state's breach of an agreement, the court "ought to accord a defendant's preference considerable, if not controlling weight * * *." Santobello [v. New York], 404 U.S. 257 at 265, 92 S.Ct. [495] at 501 [30 L.Ed.2d 427 (1971)] (Douglas, J., concurring); accord U.S. v. Rewis, 969 F.2d 985 (11th Cir. 1992).
Here, Buffa seeks specific performance. Withdrawal of the plea would not remedy the loss of his bargain or inducement in deciding to plead.
Accordingly, we reverse and remand for resentencing before another judge with instructions that the state make a sentencing recommendation in accord with the plea agreement. Although the court is not bound to follow the terms of the plea agreement, it must give the defendant the opportunity to withdraw his plea if it decides not to impose a sentence in accordance with the bargain. Davis v. State, 308 So.2d 27 (Fla. 1975); Kirkman v. State, 559 So.2d 695 (Fla. 3d DCA 1990).