697 So.2d 944 (1997)
The STATE of Florida, Appellant,
v.
Crystal FRAZIER and Christopher Frazier, Appellees.
Nos. 97-866, 97-847.
District Court of Appeal of Florida, Third District.
July 30, 1997.
Robert A. Butterworth, Attorney General and Sandra S. Jaggard, Assistant Attorney General, for appellant.
*945 Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Assistant Public Defender, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
SCHWARTZ, Chief Judge.
Patricia Frazier and her niece and nephew, Crystal and Christopher Frazier, were all charged with aggravated battery arising from a single incident. In return for her plea of guilty to the lesser offense of battery, the prosecution agreed and specifically announced in open court when her plea was taken that the cases against her niece and nephew would be nolle prossed. When the state attempted to renege on the agreement and continue the prosecution against them, the trial court ordered the cases dismissed and the state has taken this appeal. We affirm.
Applying the rules of contract law applicable to plea agreements, like all others, see Clark v. State, 651 So.2d 1309 (Fla. 3d DCA 1995), review denied, 660 So.2d 712 (Fla.1995); Novaton v. State, 610 So.2d 726 (Fla. 3d DCA 1992), approved, 634 So.2d 607 (Fla.1994); Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989), it is clear that the younger Fraziers were intended third party beneficiaries, Technicable Video Sys., Inc. v. Americable of Greater Miami, Ltd., 479 So.2d 810 (Fla. 3d DCA 1985), of the plea agreement with their aunt. See United States v. Nuckols, 606 F.2d 566, 569 (5th Cir.1979)("[W]e see no intrinsic constitutional infirmity in broadening plea negotiations so as to permit third party beneficiaries.... Recognizing, however, that threats to prosecute third persons can carry leverage wholly unrelated to the validity of the underlying charge, we think that prosecutors who choose to use that technique must observe a high standard of good faith."); Hamlet v. State, 68 Md.App. 553, 514 A.2d 492 (1986). As such, they were eminently entitled to enforce that agreement. Even more obviously, the prosecution, having reaped the benefits of the agreement by securing the guilty plea, must be held to its detriments, see Novaton, 610 So.2d at 728; Madrigal, 545 So.2d at 392, including submission to the order below specifically enforcing the undertaking. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Hunt v. State, 613 So.2d 893 (Fla.1992); Buffa v. State, 641 So.2d 474 (Fla. 3d DCA 1994).
Finally, even if neutral principles of law did not, as they do, require this result, the state, above all parties, must keep its word. See State v. Hargis, 328 So.2d 479, 481 (Fla. 1st DCA 1976) (Rawls, J., dissenting). Its attempts to convince the lower court and this one that it should be allowed to break it are unseemly and unworthy.
Affirmed.