SCHWARTZ, Chief Judge.
Because the state was indisputably in serious, material, and inexcusable breach of its agreement not to oppose the appellant’s parole applications in return for his completely satisfied promise to plead guilty to reduced charges and testify in trial against the co-defendant,[1] there is no choice under the law but to reverse the denial of 3.850 relief below, see State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997), and, because specific performance of the prosecution’s undertaking would be futile at this stage, to order that the defendant be permitted to withdraw his plea. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Lee v. State, 501 So.2d 591 (Fla.1987); State v. Tiedge, 670 So.2d 191 (Fla. 3d DCA 1996); Buffa v. State, 641 So.2d 474 (Fla. 3d DCA 1994); Spencer v. State, 623 So.2d 1211 (Fla. 4th DCA 1993); Macker v. State, 500 So.2d 256 (Fla. 3d DCA 1986); Lollar v. State, 443 So.2d 1079 (Fla. 2d DCA 1984). As we said in Frazier:
[E]ven if neutral principles of law did not, as they do, require this result, the state, above all parties, must keep its word. See State v. Hargis, 328 So.2d 479, 481 (Fla. 1st DCA 1976)(Rawls, J., dissenting). Its attempts to convince the lower court and this one that it should be allowed to break it are unseemly and unworthy.
697 So.2d at 945. The last observation applies with even greater force to those individuals who knowingly broke the state’s promise in the first place.[2]
Reversed and remanded with directions.

. See Mack v. State, 461 So.2d 142 (Fla. 3d DCA 1984), review denied, 471 So.2d 43 (Fla.1985)(affirming conviction of co-defendant, shooter in armed robbery-murder, despite improper final argument, because of overwhelming evidence against him, including testimony of appellant).

. On the other hand, the prosecutor who made the plea agreement and has steadfastly insisted that it be honored is to be commended.