PER CURIAM.
Timothy Ellis (Defendant) appeals an order summarily denying his Rule 3.850 motion for post-conviction relief. We reverse and remand.
Defendant claimed that he entered into a plea bargain with the State, pursuant to which he cooperated with the State, offering testimony that helped the State obtain a conviction against his co-defendant. In return, he was to plead to some of the charges against him, the State was to nolle prosse the others, and he was to be sentenced at the bottom of the guidelines. He alleged that his defense attorney informed him that the State would not go below an agreement to eight years because eight years was the bottom of the guide *722 lines. Thus, his plea provided for a negotiated sentence of eight years. He further alleged he did not have an opportunity to see the sentencing guidelines scoresheet prior to sentencing, but he later saw it and learned that the lowest permissible prison sentence actually was sixty-six months (five and a half years), not eight years.
Defendant sought specific performance: that is, resentencing to sixty-six months in accordance with the alleged agreement, relying on Spencer v. State, 623 So.2d 1211 (Fla. 4th DCA 1993) (suggesting that withdrawal of plea may not be the only possible remedy for violation of plea bargain, but specific performance may be available when the defendant has performed and the State has not, citing Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)). See also Buffa v. State, 641 So.2d 474 (Fla. 3d DCA 1994) (reversing denial of rule 3.850 motion in which defendant contended probation officer recommended a sentence higher than the one the State had promised to recommend pursuant to the parties’ written plea agreement; remanding for resentencing, with instruction that the State make a sentencing recommendation in accordance with the plea agreement, as withdrawal of the plea would not remedy defendant’s loss of his bargain).
The trial court’s order of denial adopted the State’s response and exhibits, but those exhibits did not conclusively refute Defendant’s allegations. It is likely that no transcripts exist that can prove what was said off the record about Defendant’s entitlement to a sentence at the bottom of the guidelines, or about what lowest permissible sentence appeared on his score-sheet.
In response to this court’s order to show cause, the State concludes that the trial court must have failed to attach the portions of the record supporting its order and suggests remanding for it to do so; however, it also contends that the portions that were attached to its response below sufficed to do that. On remand, the trial court will have to attach additional portions of the record in order to conclusively refute Defendant’s allegations, if it can, or hold an evidentiary hearing.

Reversed And Remanded For Further Proceedings Consistent With This Opinion.

STEVENSON, C.J., GUNTHER and KLEIN, JJ., concur.