SCHWARTZ, ALAN R., Senior Judge.
 

 The Fish & Wildlife Commission revoked the commercial saltwater fishing privileges of appellant, Edgar E. Griffis, and assessed a $5,000 administrative penalty pursuant to section 379.366(4)(b), Fla. Stat. (2009), which provides in pertinent part:
 

 Any commercial harvester receiving a judicial disposition other than dismissal or acquittal on a charge of theft of or from a trap
 
 as prohibited by this paragraph
 
 shall, in addition to the penalties specified in s. 379.407 and this section, permanently lose all saltwater fishing privileges, including any saltwater products licenses, blue crab endorsements, and blue crab trap tags allotted to him or her by the commission, [e.s.]
 

 Griffis appeals. We reverse.
 

 The basis of the administrative action was that Griffis had pled no contest in the Brevard County circuit court to count IV of an amended information which in its entirety alleged two counts of molesting blue crab traps (counts I and II), one of unlawful removal of blue crab trap contents (count III), and one of grand theft (count IV).
 
 [1]
 
 After plea negotiations, the
 
 *931
 
 assistant state attorney nolle prossed counts I, II, and III—which if properly pursued, might have invoked the Commission’s authority under section 379.366(4)(b). In return for that action and a sentence of one year probation and a withhold of adjudication, appellant pled no contest to the remaining count IV, a vanilla charge which alleged a generic theft of “personal property” in the broadest terms and without specific reference to the offenses prohibited by section 379.366 or anything like them.
 

 We hold that this fact pattern does not qualify under section 379.366(4)(b), since it was patently not “a judicial disposition other than dismissal or acquittal on a charge of theft of or from a trap as prohibited by this paragraph.... ” Our decision is required by an amalgam of several well-established rules:
 

 1. The law is well-settled that “[sjtatutes imposing a penalty must always be construed strictly in favor of the one against whom the penalty is imposed and are never to be extended by construction.”
 
 See Holmberg v. Dep’t of Natural Res.,
 
 503 So.2d 944, 947 (Fla. 1st DCA 1987);
 
 see also State ex rel. Volusia Jai-Alai, Inc.,
 
 304 So.2d at 477 (holding that “an administrative agency’s authority to suspend or revoke licenses is restricted to the grounds enumerated in the statute[,]” and determining that statute authorizing sanctions against corporate officers, directors, and employees could not be applied to penalize stockholders, even if such application would further its legislative purpose).
 

 2. Even more specifically, as the court said in
 
 In re Weathers,
 
 “[wjhere a board or officer is granted the right and power to revoke a license for certain named reasons, causes, or crimes, set out in the statutes, a license may not be revoked for any other or different cause or causes not clearly within the provisions of the statutes-” 159. Fla. 390, 31 So.2d 543, 544 (1947) (quoting
 
 Ky. State Bd. of Dental Exam’rs v. Crowell,
 
 220 Ky. 1, 294 S.W. 818, 819 (1926));
 
 see by analogy Mitchel v. Cigna Prop. and Cas. Ins. Co.,
 
 625 So.2d 862, 864-65 (Fla. 3d DCA 1993) (obligation to pay damages caused by striking a coral reef in violation of section 258.083, Florida Statutes (1991), not excluded from liability coverage as a “penalty,” because it was ordered as “restitution” under the general provisions of section 775.089, Florida Statutes (1991), rather than imposed as a “civil penalt[y] for damage to coral reefs
 
 *932
 
 in state waters” imposed under sections 253.04(1), and (3)).
 

 3. “[A] defendant may not be convicted of a crime that has not been charged by the State.”
 
 Jaimes v. State,
 
 51 So.3d 445 (Fla.2010).
 
 See Pittman v. State,
 
 22 So.3d 859, 862 (Fla. 3d DCA 2009) (Defendant chárged with sexual battery could not be convicted of lewd or lascivious battery as a lesser-included offense, where nothing in the information alleged that the victim was 12 or older but less than 16, although such evidence was admitted at trial);
 
 Cogbill v. State,
 
 940 So.2d 537, 539 (Fla. 1st DCA 2006) (“where an offense can be committed in more than one way, instructing the jury on an alternate theory not charged in the information constitutes fundamental error”);
 
 Rose v. State,
 
 507 So.2d 630, 632 (Fla. 5th DCA 1987) (“It is elementary that the conviction of a crime not charged violates constitutional due process.”).
 

 Putting these principles together yields the inevitable conclusion that section 379.366(4)(b), cannot apply because the charge to which the appellant pled was not one specified in section 379.366(4)(b).
 

 We make two additional observations.
 

 First, the Commission relied below entirely on the effect of the plea. For reasons unknown, it did not even allege or attempt to prove by admissible evidence that Griffis indeed actually tampered with someone' else’s blue crab trap.
 

 Second, and perhaps more importantly, there can be no doubt that the manner in which the Brevard County criminal case was resolved to the satisfaction of both the State Attorney and the defendant was driven by the mutual and obvious intent to avoid exactly the result reached below. The Commission’s' action thus has created the appearance, if not the reality, of a governmental “gotcha” in which one agency of the State broke another’s word.
 
 State v. Frazier,
 
 697 So.2d 944, 945 (Fla. 3d DCA 1997) (“the prosecution, having reaped the benefits of the agreement by securing the guilty plea, must be held to its detriments ... the state, above all parties, must keep its word.”);
 
 see Velazquez v. State,
 
 870 So.2d 863 (Fla. 3d DCA 2004) (“[T]he state, above all parties, must keep its word.” (quoting
 
 Frazier,
 
 697 So.2d at 945));
 
 Echevarria v. State,
 
 845 So.2d 340, 341 (Fla. 3d DCA 2003) (same);
 
 State v. Hargis,
 
 328 So.2d 479, 481 (Fla. 1st DCA 1976) (Rawls, J., dissenting) (“If ... ‘men must turn square corners when they deal with the Government,’ it is hard to see why the Government should not be held to a like standard of rectangular rectitude when dealing with its citizens.” (citing
 
 Daniell v. Sherrill,
 
 48 So.2d 736 (Fla.1950), quoting “Mr. Justice Holmes ... 48 Harvard Law Review, 1299”));
 
 see also McKay v. Great Am. Ins. Co.,
 
 876 So.2d 666, 673 (Fla. 4th DCA 2004) (“basic fairness, due process, would be offended if the state could back out of the agreement after the defendant has fully performed”). What is more, it is at best ironic that the action countermanded by the Commission was that of the very office, that of the State Attorney, which has the constitutional responsibility for charging and prosecuting offenses, upon which the application of section 379.366(4)(b) entirely depends. We cannot approve such a result.
 

 For these reasons, the license revocation and fine under.'review are reversed and the cause is remanded with instructions to dismiss the administrative complaint.
 

 PADOVANO and CLARK, JJ., concur.
 

 [1]
 

 . The Amended information stated as follows: COUNT 1 MOLESTING BLUE CRAB TRAPS (F3) 379.366
 

 COUNT 2 MOLESTING BLUE CRAB TRAPS (F3) 379.366
 

 COUNT 3 UNLAWFUL REMOVAL OF BLUE CRAB TRAP CONTENTS (M2) 379.366
 

 COUNT 4 GRAND THEFT ($300 OR MORE BUT LESS THAN $20,000) (F3) 812.014(2)(c)
 

 IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA, NORMAN R. WOLFINGER, STATE ATTORNEY, THROUGH THE UNDERSIGNED DESIGNATED ASSISTANT STATE ATTORNEY, CHARGES THAT
 

 COUNT 1 IN THE COUNTY OF BREVARD, STATE OF FLORIDA, on March 16, 2007, EDGAR EMERY GRIFFIS, did willfully molest blue crab traps, lines or buoys belonging to another, without permission of
 
 *931
 
 the license holder, [] contrary to Sections 379.366 and [37J9.407, Florida Statutes, COUNT 2 IN THE COUNTY OF BREVARD, STATE OF FLORIDA, on March 16, 2007, EDGAR EMERY GRIFFIS, did willfully molest blue crab traps, lines or buoys belonging to another, without permission of the license holder, contrary to Sections 379.366 and [37]9.407, Florida Statutes, COUNT 3 IN THE COUNTY OF BREVARD, STATE OF FLORIDA, on March 16, 2007, EDGAR EMERY GRIFFIS, did remove the contents of or take possession of another harvester’s blue crab trap without the express written consent of the trap owner available for immediate inspection, contrary to Sections 379.366 and 379.407, Florida Statutes,
 

 COUNT 4 IN THE COUNTY OF BREVARD, STATE OF FLORIDA, on March 16, 2007, EDGAR EMERY GRIFFIS did knowingly obtain or use, or endeavor to obtain or use property, to wit PERSONAL PROPERTY, of the value of $300 00 or more, but less than $20,000 00, the property of JOSE ALVES, as owner or custodian, with the intent to, either temporarily or permanently, deprive said owner or custodian of a right to said property or a benefit therefrom, or to appropriate said property to the use of EDGAR EMERY GRIFFIS, or another person not entitled thereto, contrary to Sections 812.014(1), 812.014(2)(c), Florida Statutes, AND against the peace and dignity of the State of Florida.