FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-4096
_____

LAYNE RACHOWICZ,

    Appellant,

    v.

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION,

    Appellee.

_____


On appeal from the Florida Fish and Wildlife Conservation
Commission.
Thomas H. Eason, Assistant Executive Director.


May 8, 2024


WINOKUR, J.

Layne Rachowicz appeals the suspension of his incidental take endorsement for stone crab (endorsement) by the Florida Fish and Wildlife Conservation Commission (the Commission). Because the Commission was authorized to suspend Rachowicz's endorsement under section 379.365(2)(c), Florida Statutes, we affirm.

In March 2020, Rachowicz was arrested for collecting stone crab traps that belonged to another fisherman and was charged in

Monroe County with violation of section 379.365(2)(c)1.a., Florida Statutes. Rachowicz pleaded no contest to the violation and the trial court withheld adjudication. Two months later, the Commission notified Rachowicz that his endorsement was being suspended due to the recent conviction. Rachowicz challenged the suspension, but it was upheld by the Commission. This appeal follows.

The Commission's final agency action is reviewed under section 120.68, Florida Statutes. "[T]his Court 'may set aside an order of an administrative agency if the agency depended on any finding of fact not supported by competent, substantial evidence in the record; committed a material error in procedure; erroneously interpreted the law; or abused its discretion.'" *Monro v. Parsons*, 361 So. 3d 429, 431 (Fla. 1st DCA 2023) (quoting *Chappell Schs., LLC v. Dep't Child. & Fams.*, 332 So. 3d 1060, 1063 (Fla. 1st DCA 2021)).

We reject Rachowicz's claim that the Commission's suspension of his endorsement was erroneous because his plea was not a conviction. Section 379.365(2), Florida Statutes, defines a "conviction" as "*any* disposition *other than* acquittal or dismissal, regardless of whether the violation was adjudicated . . . ." (emphasis supplied). Thus, the Commission was correct in construing the disposition in Rachowicz's case as a conviction under section 379.365(2).

Rachowicz, however, relies on our decision in *Griffis v. Fla. Fish & Wildlife Conservation Comm'n*, 57 So. 3d 929 (Fla. 1st DCA 2011) to argue that a suspension based on a plea is "unacceptable." His reliance on *Griffis* is misplaced.

In *Griffis*, we reversed a stone crab endorsement revocation because we found that Griffis's plea could not support an administrative penalty under section 379.366(4), Florida Statutes. *Griffis*, 57 So. 3d at 931. Griffis was charged with "two counts of molesting blue crab traps (counts I and II), one of unlawful removal of blue crab trap contents (count III), and one of grand theft (count IV)." *Id.* at 930. As part of his negotiated plea, Griffis agreed to plead no contest to count IV for grand theft and the State agreed to drop counts I, II, and III. *Id.* It was because Griffis pleaded to the grand theft charge and not the specific section 379.366

2

violations that we found his plea to be an insufficient basis for the Commission's revocation. *Id.* at 932 ("[S]ection 379.366(4)(b) cannot apply because the charge to which the appellant pled was not one specified in section 379.366(4)(b)."). Rachowicz, in contrast, specifically pleaded to molesting stone crab traps. Accordingly, *Griffis* does not apply here.

Rachowicz also claims that, because he was not informed at the time of his no-contest plea that the disposition could result in suspension of his endorsement, his plea was involuntary. If Rachowicz believed that he was not properly informed of the consequences of his plea, he was free to challenge the voluntariness of his plea in his criminal case in Monroe County. If the court there had permitted Rachowicz to withdraw his plea, the Commission could reconsider its order. But until then, the Commission has no authority to ignore the disposition of his criminal case based on his allegation that the plea was involuntary.

AFFIRMED.

ROBERTS and NORDBY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Kenneth G. Oertel, Oertel, Fernandez, Bryant & Atkinson, P.A., Tallahassee; and Andrew J. Sando, Sando Law, P.A., Tavernier, for Appellant.

Emily Norton, General Counsel; Quilla Miralia, Deputy General Counsel; and Rhonda E. Parnell, Assistant General Counsel, Florida Fish and Wildlife Conservation Commission, Tallahassee, for Appellee.